MOLINE WAGON Co. *v.* RUMMELL and others.*

*In re* HUISKAMP BROS., Interpleaders.

(*Circuit Court, W. D. Missouri, W. D.* October Term, 1882.)

1. PARTNERSHIP—ASSETS—RIGHTS OF CREDITORS.

All the assets of a partnership, together with all property of the partners, in case of insufficiency of partnership assets, are liable for debts created by the partnership, and an individual partner can neither mortgage the property of the firm nor deliver possession thereof, to pay an individual debt.

2. SAME—DISSOLUTION—DIVISION OF PROPERTY.

Where a partnership is dissolved, and the property of the firm has been divided and was held separately by each partner as individual property and not as property of the firm, each partner may convey, mortgage, or deliver possession of his individual share; but, if no legal dissolution has taken place, such property remains partnership property as to creditors of the firm who knew nothing of the division and who extended credit to the firm.

3. DEBTOR AND CREDITOR—PREFERENCE.

A debtor has a right under the limitations of the state laws to pay, secure, or prefer one creditor over another, and to make a mortgage to secure an individual debt and out of his individual property; but the transaction must be in good faith, and not done to defraud, hinder, or delay his creditors.

4. SAME—PREFERENCE IN FRAUD OF CREDITORS.

The fact that the intention of the debtor, in making the mortgage to secure a creditor, was fraudulent, is not of itself sufficient to make the mortgage fraudulent as to such creditor, if such creditor in no way participated in the fraud, or aided or assisted in the illegal act.

5. SAME—DEALINGS WITH DEBTOR—GOOD FAITH ESSENTIAL.

In dealing with a debtor under such circumstances, and in taking possession of a debtor's property, a creditor must exercise the utmost good faith, and his failure to do so deprives him of any right under the mortgage.

*James Hagerman* and *Tannehill & Fee,* for interpleaders.
*James J. Parks* and *Gage & Ladd,* for plaintiffs.

*Reversed. See 7 Sup. Ct. Rep. 899.

KREKEL, D. J., (*charging jury*.) The Moline Wagon Company, an Illinois corporation, sued Rummell and Cutler, in their firm name of Rummell & Son, in the circuit court of Putnam county, Missouri, on four notes and an account, and in aid of their suit obtained an attachment. Under this attachment the property in controversy, a stock of merchandise, was seized and sold, and the proceeds of this sale now in court is the matter in dispute. In the attachment suit between the Moline Wagon Company and Rummell and Cutler, Rummell filed what in law is termed a plea in abatement; that is, he denied the facts alleged in the affidavit made by the company to obtain the attachment. The law allows attachments to issue and property to be seized in cases only where debtors have or are about to deal with their property in an illegal way. The affidavit made by the Moline Wagon Company at the time they sued out their attachment, in appropriate legal language, charged that Rummell and Cutler had conveyed or were about fraudulently to convey, their property so as to hinder and delay their creditors in the collection of their debts. This charge Rummell denied. A trial which was had on this issue resulted in the sustaining of the attachment; that is, the charges made in the affidavit by the Moline Wagon Company that Rummell had fraudulently conveyed, or was about fraudulently to convey, the property in controversy to hinder and delay creditors, were true. Cutler, the defendant with Rummell in the attachment suit, did not appear, and thereby confessed the charges of fraud.

While this controversy was going on, Huiskamp Bros., a firm in Keokuk, Iowa, filed their interplea in the case, alleging that the property in controversy was theirs, claiming title thereto in two ways— *First*, by the mortgage which has been read in evidence; and, *next*, by obtaining actual possession of the property in satisfaction of their claim. The question, therefore, is, shall the Moline Wagon Company hold the property under the attachment, or shall it be adjudged the property of Huiskamp Bros. And this is the issue you are to determine under the evidence and the law as given you by the court. Both the Moline Wagon Company and Huiskamp Bros. claim the property as property of Rummell and Cutler; the Huiskamp Bros., in one view they take of their case, asserting that it was the individual property of Rummell.

It is an undisputed fact that up to January, 1878, Rummell and Cutler, under the name of Rummell & Son, carried on partnership business in which the partners were equally interested. It is claimed by Huiskamp Bros. that in January, 1878, a dissolution of the partner-

ship of Rummell & Son took place, and that thereafter each partner, under the division of the property made, held property in their individual rights only. It is true, and you are instructed, that if you shall find from the testimony that a division of property between the partners took place, and that thereafter the property was held separated by each partner as individual property and *not as the property of the firm*, then each partner could deal with his own property as he chose; could convey or mortgage the same and deliver possession thereof to any one, without creditors of the firm having a right to complain. But if no legal dissolution of the partnership took place in January, 1878, or since, and the partners continued to hold the property in controversy as partnership property, bought, sold, and advertised it as firm property, such property remained partnership property so far as creditors are concerned who knew nothing of the division and who trusted the firm.

Under the view of the case last presented, you will have to determine whether there was a dissolution of the partnership. As already stated, it is an undisputed fact that up to January, 1878, a partnership between Rummell and Cutler did exist; that that partnership dealt in general merchandise, including farming implements, wagons, etc.; and that dealings prior to that time were had between the Moline Wagon Company and the firm of Rummell & Son. The Moline Wagon Company had a right to presume that the persons once composing a firm, and who continue doing business under the firm name, are still partners, and that the partnership continued to exist until notice of a dissolution was given. No agreement or understanding between the partners, no division of the property of the firm, can relieve either the firm or the partners of their legal liability as to creditors who extend credit to the firm; nor are creditors who extend credit to the firm bound to regard public rumors, even if they heard them, if the partners continue the partnership name and avail themselves of the partnership credit. You are therefore instructed that the partnership between Rummell and Cutler, existing in 1878, continued to exist up to the time of the creation of the debts sued on by the Moline Wagon Company, unless public notice of the dissolution of the partnership was given, or actual notice of such dissolution was brought home to the Moline Wagon Company. If, under this view of the law, you shall find from the evidence that plaintiff, the Moline Wagon Company, gave credit to the firm of Rummell & Son, composed of Rummell and Cutler, then the firm and each of the partners are liable for the debt thus contracted. All of the assets of the

partnership, both merchandise, notes, and accounts, as well as all wages and property of the partnership, which Cutler may have handled in his division of the partnership, as well as all notes and accounts which Cutler may have taken, together with all property of the partners, in case of insufficiency of partnership assets, are liable for debts created by the partnership. If you shall find that the partnership once existing between Rummell and Cutler had not been dissolved, and the property in dispute to be partnership property then Rummell could not take such partnership property and pay an individual debt with it, such as Huiskamp Bros. claim to have, and the mortgage read in evidence given them is void as against creditors of the firm.

We now come to the inquiry as to the good faith of the parties to the mortgage in making it. This becomes important in case you shall find from the evidence that the debt of the Moline Wagon Company was a partnership debt; for in that case the Moline Wagon Company, as creditors of both Rummell and Cutler, had a right to inquire how Rummell dealt with his individual as well as partnership property. Under the law, partnership property is the first or original fund out of which partnership debts are paid; but the individual property of partners is also liable for the debts of the partnership; so that Rummell must honestly deal with either. A debtor in Missouri has a right, under the limitations of its laws, to pay, secure, or prefer one creditor over another, and in honestly doing so he commits no fraud on his creditors. Rummell had a right to prefer Huiskamp, and make the mortgage to secure an individual debt, and out of his individual property; but the transaction must be an honest one, and not done to defraud, hinder, or delay his creditors. So far as the intent to defraud, hinder, and delay creditors on the part of Rummell is concerned, a trial of that issue has been had in this court, with the result brought to your notice by reading from the records. The intention of Rummell in making the mortgage to Huiskamp Bros. was found to have been fraudulent, but this of itself is not sufficient to make the mortgage fraudulent as to Huiskamp Bros. Huiskamp Bros. may have known when they accepted the mortgage from Rummell that he intended to defraud, hinder, and delay his creditors by it; yet, if they in no way participated in the fraud of Rummell, did no act to aid or assist him in the illegal act, and intended to secure their debt only, the mortgage, as to them, is valid, and they are entitled to the benefit of the same. But, on the other hand, if, aside from the securing of their own debt, Huiskamp Bros., by and through the mortgage, undertook to aid and assist

Rummell in his fraudulent purposes to hinder and delay the Moline Wagon Company, or any other creditor, in the collection of their debt, in such case the mortgage is void, and they can claim nothing under it as against creditors. This is the important question in the case, and you should carefully examine the whole of the testimony bearing upon this point.

Attention should be given to dates of the various occurrences, and in the presence of the attorneys, subject to their correction, and to aid you I recall some of them. The two notes of the Moline Wagon Company first becoming due, amounting to $3,328, became due on the first day of January, 1880. The mortgage is made on the day these notes became due, but is dated back to the twenty-fourth of December, 1879. Cutler, on the twenty-seventh of December, 1879, mortgaged his property. The value of the property mortgaged as compared with the debt to be secured thereby, the release of the notes and accounts and delivery of them by Huiskamp Bros. to Rummell, the provisions of the mortgage for a public sale, and the taking of possession by Huiskamp Bros. and selling at retail, should be called to mind with the rest of the testimony, and the whole judged of under the obligation of caution induced by the judgment which determined that Rummell had acted fraudulently in making the mortgage. In dealing with Rummell under these circumstances Huiskamp Bros. must exercise the utmost good faith, and their failing to do so deprives them of any right under the mortgage. What is said of the mortgage applies with equal force to the taking of possession of the goods. Huiskamp Bros. had a right to take possession of the goods in controversy to satisfy their claim, if they were the individual property of Rummell and Rummell consented thereto; but the taking of such possession must have been in good faith and for the purpose of satisfying their debt, and not to aid Rummell in carrying out his fraudulent purposes.

As already stated, if, under the facts of the case, and the law applicable thereto, as given you, you find the goods to have been the goods of the partnership, and not the individual property of Rummell, he could neither mortgage them, nor deliver possession of them to pay an individual debt. If, under the testimony and the law as given you by the court, you find the issue for the interpleaders, you will say so in your verdict. If, on the other hand, you find the issue against the interpleaders, and that the property is subject to the attachment, you will state that in your verdict.